UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Carroll Devon McNeil, | ) | C/A No. 4:13-2068-MGL-TER |
| | ) | |
| Plaintiff, | ) | |
| | ) | REPORT AND |
| vs. | ) | RECOMMENDATION |
| | ) | |
| Florence County Solicitor Office; and | ) | |
| Inv. Jamie Cooper, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

Carroll Devon McNeil (Plaintiff), proceeding pro se and *in forma pauperis*, filed his civil rights complaint pursuant to 42 U.S.C. § 1983. At the time he filed his complaint, Plaintiff was detained at the Florence County Detention Center on pending criminal charges. Pursuant to 28 U.S.C. § 636(b)(1)(B), and Local Civil Rule 73.02(B)(2), D.S.C., the undersigned is authorized to review prisoner civil rights complaints and submit findings and recommendations to the assigned District Judge. For the reasons that follow, it is recommended that the complaint be dismissed for failure to state a claim on which relief may be granted.

**STANDARD OF REVIEW**

Plaintiff filed this complaint pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit, upon the court's finding of *in forma pauperis* status. To protect against possible abuses of this privilege, the statute requires a district court to dismiss the case upon a finding that the action is "frivolous or malicious; fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(i-iii). The same standard is applied to a complaint filed by a prisoner, which "seeks redress from a

governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a).

A pro se litigant's complaint is held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir.1978). A federal district court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case. *Haines v. Kerner*, 404 U.S. 519 (1972); *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a federal claim. *Weller v. Dep't. of Social Servs.*, 901 F.2d 387 (4th Cir. 1990). Even liberally construed, the complaint filed in this case is subject to dismissal under the provisions of 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim.

## BACKGROUND

Plaintiff, while a detainee in the Florence County Detention Center, filed this civil rights action claiming malicious prosecution. ECF No. 1 at 2. The complaint describes a domestic disagreement between Plaintiff and his wife which resulted in an arrest warrant and Plaintiff's subsequent arrest. Although his wife initially called the police, she later supported Plaintiff's release from jail. Plaintiff complains that the charge of criminal domestic violence continued to be prosecuted even though his wife, the alleged victim, testified at his bond hearing that he didn't touch her, she didn't feel threatened, and she was simply upset because she didn't take her medication. Plaintiff also alleges his wife signed for him to be released on bond. Plaintiff acknowledges that he was arrested with a warrant as he states the arrest warrant falsely[1] accused him of punching and

---

[1] The factual allegations indicate Plaintiff's wife called the police concerning a domestic dispute, but subsequently changed her version of what happened during the incident. The complaint is not construed as claiming Plaintiff was arrested without probable cause, but if it were, an arresting officer is not liable for false arrest if the arrest is executed with a facially valid arrest warrant. *Brooks v. City of Winston-Salem*, 85 F.3d 178, 181-82 (4th Cir. 1996).

pushing his wife down. *Id*. at 4.  The complaint claims slander and malicious prosecution because after his arrest, the charge for criminal domestic violence third was pursued even though his "wife the (victim) sign[ed] a dismissal of Approval Form" she requested from the Solicitor's Office. Plaintiff also alleges he requested a preliminary hearing, but never received any information in response. *Id*. at 5.  Plaintiff seeks monetary damages for slander and malicious prosecution from the Florence County Solicitor's Office and Defendant Jamie Cooper, the investigating law enforcement officer with the Florence County Sheriff's Office. *Id*. at 6.

## DISCUSSION

Plaintiff files this action pursuant to 42 U.S.C. § 1983, which "'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979)).  An action under § 1983 allows "a party who has been deprived of a federal right under the color of state law to seek relief." *City of Monterey v. Del Monte Dunes at Monterey, Ltd.*, 526 U.S. 687, 707 (1999).  To state a claim under § 1983, a plaintiff must allege two essential elements: (1) a violation of a right secured by the Constitution or laws of the United States, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

**Florence County Solicitor's Office**

Plaintiff sues the Florence County Solicitor's Office, but the Solicitor's Office is not a "person" who can take action under color of state law.  It is well settled that only persons may act under color of state law; therefore, a defendant in a § 1983 action must qualify as a person.  For example, several courts have held that inanimate objects such as buildings, facilities, and grounds

3

are not persons and do not act under color of state law. *See, e.g., Jones v. Lexington Cnty. Det. Ctr.*, 586 F. Supp. 2d 444, 251 (D.S.C. 2008) ("Inanimate objects—such as buildings, facilities, and grounds—do not act under color of state law."); *Brooks v. Pembroke City Jail*, 722 F. Supp. 1294, 1301(E.D.N.C. 1989) ("Claims under § 1983 are directed at 'persons' and the jail is not a person amenable to suit."). Because Florence County Solicitor Office designates the place or location where a collective group of individuals are all employed or, perhaps, describes the collective group employed there, it does not qualify as a "person" for purposes of stating a claim under § 1983. Plaintiff's use of this term to name a defendant fails to state a claim against a person acting under color of state law, as required by § 1983, so the Florence County Solicitor's Office should be dismissed as a party defendant.

Even if Plaintiff sought to sue the Florence County Solicitor, or other particular individual prosecutors within the Florence County Solicitor's Office, the complaint would fail. The well-established legal doctrine of prosecutorial immunity bars Plaintiff's claim against state prosecutors. *See Imbler v. Pachtman*, 424 U.S. 409, 431 (1976) (holding that "in initiating a prosecution and in presenting the State's case, the prosecutor is immune from a civil suit for damages under § 1983."). In South Carolina, regional prosecutors are called solicitors. *See* S.C. Const., art. V, § 24; S.C. Code Ann, § 1–7–310. Solicitors have absolute immunity for their prosecution-related activities in or connected with judicial proceedings, including bond hearings, bail hearings, and pre-trial motion hearings. *See Buckley v. Fitzsimmons*, 509 U.S. 259, 272–73 (1993); *Dababnah v. Keller–Burnside*, 208 F.3d 467 (4th Cir.2000). Plaintiff claims malicious prosecution based on the continued prosecution of his criminal case, despite the victim's approval of dismissal of the criminal charge. Plaintiff's allegations based on the continued pursuit of a pending criminal charge, directly

4

relate to prosecutorial decisions about when and if to prosecute his criminal case. Prosecutors are absolutely immune from liability for damages based on their decisions about "whether and when to prosecute," and specifically the decision to go forward with a prosecution. *Lyles v. Sparks*, 79 F.3d 372, 377 (4th Cir.1996)(quoting *Imbler v. Pachtman*, 424 U.S. at 431 n. 33). The allegations of the complaint, if directed toward the Florence County Solicitor, or other particular individual prosecutor, do not establish liability under § 1983. Therefore, dismissal is appropriate.

**Malicious Prosecution**

The complaint claims malicious prosecution of Plaintiff by the defendants. ECF No. 1 at 6. The Supreme Court acknowledged in *Wallace v. Kato*, 549 U.S. 384, 390 n.2 (2007), that the high court "has never explored the contours of a Fourth Amendment malicious-prosecution suit under § 1983," and then declined to pursue the issue in *Wallace*. The Fourth Circuit, in *Snider v. Seung Lee*, 584 F.3d 193 (4th Cir.2009), also acknowledges the uncertainty surrounding a constitutional claim based on malicious prosecution, but nonetheless provides some parameters. "While it is not entirely clear whether the Constitution recognizes a separate constitutional right to be free from malicious prosecution, if there is such a right, the plaintiff must demonstrate both an unreasonable seizure and a favorable termination of the criminal proceeding flowing from the seizure." *Snider v. Seung Lee*, 584 F.3d at 199. The Fourth Circuit explains that a "malicious prosecution claim under § 1983 is properly understood as a Fourth Amendment claim for unreasonable seizure which incorporates certain elements of the common law tort." *Evans v. Chalmers*, 703 F.3d 636, 647 (4th Cir.2012) (quoting *Lambert v. Williams*, 223 F.3d 257, 261 (4th Cir.2000)). Plaintiff must allege that "the defendant (1) caused (2) a seizure of the plaintiff pursuant to legal process unsupported by probable cause, and (3) criminal proceedings terminated in plaintiff's favor." *Evans v. Chalmers*, 703 F.3d

5

at 647, citing *Durham v. Horner*, 690 F.3d 183, 188 (4th Cir.2012). The complaint indicates the criminal case against Plaintiff is pending, so the criminal proceedings at issue have not terminated in Plaintiff's favor and he cannot establish a claim for malicious prosecution.[2] Because the complaint does not establish one of the necessary elements, it fails to state a possible Fourth Amendment claim for unreasonable seizure based on legal process that was unsupported by probable cause. Therefore, the complaint does not identify the violation of a federal right and should be dismissed for failure to state a claim under § 1983.

**State Law Claim**

Plaintiff also seeks damages for a claim of slander. ECF No. 1 at 6. Defamation claims, which includes slander, brought against a defendant acting under color of state law are matters of state, rather than federal, law. *See Siegert v. Gilley*, 500 U.S. 226, 233 (1991) ("Defamation, by itself, is a tort actionable under the laws of most States, but not a constitutional deprivation."). Civil rights statutes, such as § 1983, do not impose liability for violations of duties of care arising under a state's tort law. *DeShaney v. Winnebago Cnty. Dep't of Soc. Servs.*, 489 U.S. 189, 200–03 (1989). A federal district court, however, may consider state law claims in conjunction with a claim based on federal law through the exercise of "supplemental jurisdiction." *Wisconsin Dep't of Corrections v. Schacht*, 524 U.S. 381, 387 (1998). Claims based on state law are required to be "so related" to

---

[2] The element of favorable termination is a requirement for both a Fourth Amendment claim and a state law claim. To recover in an action for malicious prosecution under South Carolina law, the plaintiff must show (1) the institution or continuation of original judicial proceedings, either civil or criminal; (2) by, or at the instance of, the defendant; (3) termination of such proceeding in the plaintiff's favor; (4) malice in instituting such proceedings; (5) want of probable cause, and (6) resulting injury or damage. *Price v. Town of Atlantic Beach*, Civil Action No. 4:12–02329–MGL, 2013 WL 5945728 (D.S.C. November 6, 2013), citing *Ruff v. Eckerds Drugs, Inc.*, 265 S.C. 563, 220 S.E.2d 649, 651 (1975).

the federal claim "that they form part of the same case or controversy." 28 U.S.C. § 1367(a). The complaint fails to state a viable federal claim in this case, so the state claim should not be considered under supplemental jurisdiction. When "the district court has dismissed all claims over which it has original jurisdiction," the court is permitted to decline supplemental jurisdiction. 28 U.S.C. § 1367(c)(3). This court should decline to exercise supplemental jurisdiction over Plaintiff's state law claim of slander, as well as any attempted state law claim for malicious prosecution.

## RECOMMENDATION

Based on the foregoing, it is recommended that the District Judge dismiss this case *without prejudice* for failure to state a claim on which relief may be granted under 28 U.S.C. § 1915(e)(2)(B)(ii).

s/Thomas E. Rogers, III
Thomas E. Rogers, III
United States Magistrate Judge

December 18, 2013
Florence, South Carolina

**The plaintiff's attention is directed to the notice on the following page.**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
Post Office Box 2317
Florence, South Carolina 29503

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).